FILED

SEP 1 - 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action. No. 03-325 (RBW) |
| | ) Civil Action No. 07-1506 (RBW) |
| STEVEN JAMES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Steven James, the pro se defendant in this case, seeks immediate relief from the prison sentence he received from the Court for violating the terms of his plea agreement. Writ for Habeas Corpus to Vacate, Set Aside, or Correct Sentence (the "Def.'s Mot.") at 2, 12;[1] Hr'g Tr. 2-5, 11-15, May 6, 2005. In his motion for post-conviction relief, the defendant argues that his guilty plea and sentence for Possession With Intent to Distribute Heroin and Possession of a Firearm During a Drug Trafficking Offense were unlawful because (1) he pled guilty to a "sham statute," Def.'s Mot. at 2, 5; (2) his counsel was constitutionally ineffective, id. at 6; (3) the Court violated Federal Rule of Criminal Procedure 11 by failing to inform him of the nature and consequences of a potential term of supervised release, id. at 8; and (4) the Court's application of the United States Sentencing Guidelines – specifically the Career Offender Provision, by allowing sentencing enhancements for past convictions, see U.S. Sentencing Guidelines Manual § 4B1.1 (2009) – violated the Double Jeopardy Clause, Def.'s Mot. at 9; Memorandum Citation

---

[1] Although the cover page of the defendant's motion is titled "Writ for Habeas Corpus to Vacate, Correct or Set Aside Sentence," the standardized motion form that he used is titled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Given the submission of the form, along with the defendant's repeated citation to Section 2255 in the body of his motion, see, e.g., id. at 2, 11, 12, the Court will evaluate the motion as pursued under Section 2255.

1

of Laws (the "Def.'s Mem.") at 4. After careful consideration of the defendant's motion and attached memorandum, the Government's Opposition to Defendant's Section 2255 Motion (the "Gov't's Opp'n"), and the entire Court record, the Court concludes for the following reasons that the defendant's motion must be denied.

## I. Background

On July 29, 2003, the defendant was charged with one count of Possession of a Firearm and Ammunition by a Person Convicted of a Crime Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) (2002); one count of Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(b)(1)(C) (2002); and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1) (2002). Gov't's Opp'n at 2. On December 11, 2003, the defendant pled guilty to the latter two counts and was released pursuant to a cooperation agreement with the government that required the defendant to serve as a government informant. See Hr'g Tr. 5-6, 27-50, Dec. 11, 2003. The defendant, however, violated the terms of his release, and consequently he was sentenced by this Court on May 6, 2005 to a term of 240 months incarceration on the Possession with Intent to Distribute Heroin count and twenty-two months on the Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense count, with both sentences to be served consecutively. Hr'g Tr. 14-15, May 6, 2005. The defendant was also sentenced to five years of supervised release following the completion of his prison sentence. Id.

On appeal, the defendant argued that "he [had been] convicted of a drug crime 'for which he ha[d] never been charged.'" United States v. James, No. 05-3083, 2007 WL 754784, at *1 (D.C. Cir. Feb. 27, 2007) (per curiam). Although "the plea agreement that James negotiated with

the government mistakenly identified the drug charge as a violation of subsection 841(b)(1)(B)(i)," the District of Columbia Circuit affirmed the conviction and sentence because

> [the defendant's] characterization of the proceedings below is clearly wrong. James was indicted for violating 21 U.S.C. § 841(b)(1)(C), which prohibits possession with intent to distribute any amount of heroin. The sentencing hearing, the presentencing report, and the bulk of the Rule 11 colloquy all correctly referred to and applied that provision. Moreover, the judgment entered in the district court docket plainly states that James was convicted of a violation of subsection 841(b)(1)(C).

Id. at *1. The Circuit also rejected the defendant's contentions that "the government breached the plea agreement by failing to charge him with a violation of subsection 841(b)(1)(B)(i), and that the district court's plea colloquy violated Rule 11 of the Federal Rules of Criminal Procedure," concluding that the defendant failed to show prejudice from the alleged errors because he could not be "harmed by the government's failure to charge him with a crime carrying a longer sentence[,] [a]nd he concede[d] that neither of the claimed errors had any effect on his decision to plead guilty." Id. at *2-3.

The defendant then filed this timely motion for post-conviction relief on August 9, 2007 on the grounds noted above. Def.'s Mot. at 1. The government argues that all of these claims, except for the "sham statute" claim, are barred because the defendant neglected to raise them on direct appeal and failed to show cause for not doing so. Gov't's Opp'n at 1-2. As for the "sham statute" claim, the government argues that this claim was essentially raised on direct appeal and, therefore, cannot be considered by this court. Id. at 2.

## II. Legal Analysis

The defendant's challenge to his conviction and sentence is made pursuant to 28 U.S.C. § 2255 (2006), which permits a person in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside, or correct the sentence," on the grounds

that "the sentence was imposed in violation of the Constitution or laws of the United States, . . . that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the reviewing court finds that any of these grounds exist, it "shall vacate and set the judgment aside[,] and [it] shall [also] discharge the prisoner[,] resentence him[,] grant a new trial[,] or correct the sentence as may appear appropriate." Id. § 2255(b). Under Section 2255, a district court must grant an evidentiary hearing to conduct additional fact-finding necessary to resolve the motion "[u]nless the motions[,] the files[,] and the records of the case conclusively show that the prisoner is entitled to no relief." Id. But, "[e]ven if the files and records of the case do not clearly rebut the allegations of the prisoner, no hearing is required where [the prisoner's] claims are 'vague, conclusory, or palpably incredible.'" United States v. Pollard, 959 F.2d 1011, 1031 (D.C. Cir. 1992) (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)). In making this assessment, the Court construes pro se filings liberally. Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002). With these principles in mind, the Court will now address each of the defendant's arguments in turn.

**1. The defendant's 'sham statute' argument**

The defendant first argues that he was induced to plead guilty to a "sham statute" because Federal Rule of Evidence 704(b) prohibits the Court from allowing an expert witness to testify to the defendant's intent to distribute drugs. Def.'s Mot. at 5; Def.'s Mem. at 3. The government argues that this claim is merely a re-framing of the defendant's argument on direct appeal that he was convicted of a drug crime for which he has never been charged, and thus it is not open to relitigation. Gov't's Opp'n at 2, 5-6. Certainly, "[i]t is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct

4

appeal from his conviction, absent an intervening change in the law[,]" or some fundamental miscarriage of justice. Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986) (footnotes omitted). However, the Court understands the defendant to be raising a different argument: that the defendant would have declined the plea offer if he had not been misled about what an expert witness could say at trial under the Federal Rules of Evidence. The defendant seems to argue that the government induced him to plea guilty by misrepresenting that an expert witness could testify to the his intent to distribute drugs. See Def.'s Mot. at 5 ("The Government was prohibit[ed] from inducing petitioner to had pled [sic] guilty to a 'SHAM' statute, because the Criminal P. Rule No. 704(B), does prohibit [sic] the court from allowing an expart [sic] witness to testify to the petitioner['s] 'MENTAL INTENT' to further distribute any drugs to an 'UN-KNOWN THIRD PARTY.'").

This argument was not raised on direct appeal; thus, the defendant must show "cause" for the failure, as well as "actual prejudice" suffered as a result of the alleged error, to avoid procedural default. United States v. Frady, 456 U.S. 152, 167-68 (1982). "[C]ause . . . ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the [relevant] procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Bousley v. United States, 523 U.S. 614, 621-23 (1998) (citing Murray for procedural default rule in the context of a guilty plea). For example, the defendant may demonstrate "that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable." Frady, 477 U.S. at 488 (citations and quotation marks omitted). To establish "actual prejudice," the defendant must show that the errors at his trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 170. Thus

5

"to obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166.

Here, the Court finds that it need not address the merits of the defendant's "sham statute" argument because he is procedurally barred from raising it. The defendant offers no reason for his failure to raise this claim on direct appeal, and the Court can think of none. Def.'s Mot. at 5. But even setting aside the lack of cause, the defendant is unable to establish prejudice. First, the defendant misrepresents the government's case and intended use of an expert witness. At the defendant's plea hearing, the government noted that

> [i]f this case were to have gone to trial, the government would have presented expert testimony that the 41 Ziploc bags found in the defendant's possession were . . . packaged and in amounts consistent with distribution. The government would further have provided expert testimony that the evidence recovered from the defendant's residence was consistent with use for processing, packaging, selling, transferring[,] and trafficking narcotics in the District of Columbia.

Hr'g Tr. 30, Dec. 11, 2003. Hence, the expert would have testified that evidence, such as weapons, scales, and large amounts of cash, found in the defendant's home were consistent with an intent to distribute, not that this defendant actually had an intent to distribute. Id. at 29-31. This testimony would be entirely consistent with Federal Rule of Evidence 704(b), which only prohibits an expert witness from testifying as to whether a particular defendant did in fact have such intent. See also In re Sealed Case, 99 F.3d 1175, 1178 (D.C. Cir. 1996) (finding that "the expert's testimony on whether the drugs in the house were consistent with personal use or with distribution" was consistent with Rule 704(b) because it concerns modus operandi of drug traffickers and not the particular defendant's mental state). Additionally, the Rule 11 colloquy made clear that the defendant pled guilty because of his actual guilt and not for any other reason or inducement. Hr'g Tr. 46, Dec. 11, 2003. Thus, there are no errors here, let alone errors of

"constitutional dimensions." Frady, 456 U.S. at 170. Accordingly, the defendant's "sham statute" claim is procedurally barred.[2]

## 2. The defendant's ineffective assistance of counsel claims

Next, the defendant argues that his counsel during plea and sentencing hearings, Shawn Moore, was constitutionally ineffective for (1) "fail[ing] to challenge the tainted indictment," (2) failing to challenge "the Grand Jury process," (3) "fail[ing] to file Pre-Trial Motions," (4) negotiating "his own client's guaranteed Constitutional Rights at a Plea Hearing," (5) failing to challenge the Court's ruling that his two sentences run consecutively, and (6) "fail[ing] to object to an illegal search warrant." Def.'s Mot at 6. These claims are not procedurally barred despite the defendant's failure to raise them on direct appeal because ineffective assistance of counsel claims are not subject to the procedural-default rule. Massaro v. United States, 538 U.S. at 504 ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under [Section] 2255, whether or not the petitioner could have raised the claim on direct appeal."). However, because the Court finds that a number of the defendant's allegations are "vague, conclusory, and palpably incredible," Pollard, 959 F.2d at 1031, and furthermore that any non-jurisdictional and non-sentencing claims were specifically waived by the defendant, Hr'g Tr. 43-44, Dec. 11, 2003, his claims are without merit.

---

[2] To the extent that the Court could construe the defendant's "sham statute" argument to mean that he is alleging that his own counsel did not properly advise him as to the government's expert witness testimony, making it essentially an ineffective assistance of counsel claim, the argument is without merit. An ineffective assistance of counsel claim is not subject to the procedural default rule, Massoro v. United States, 538 U.S. 500, 504 (2003); however, "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Given the overwhelming evidence consistent with the intent to distribute heroin, such as weapons, scales, and other trafficking materials, Hr'g Tr. 29-30, Dec. 11, 2003, any advice counsel may have given to the defendant suggesting that he plea guilty would have been sound legal advice. The defendant also fails to show that he would have declined to plea guilty if his counsel had not allegedly failed to clarify what expert testimony would be admissible at trial. See United States v. Hughes, 514 F.3d 15, 17 (D.C. Cir. 2008) (stating that defendant must show a reasonable probability that the results would have been different but for counsel's errors).

As to the defendant's claims that Mr. Moore was deficient in preserving his constitutional rights, first the defendant appears to contend that the Grand Jury process violates the Separation of Powers doctrine by granting to a non-judiciary body the power to establish whether a defendant is to be indicted and charged. Def.'s Mem at 1. The defendant also argues that the plea agreement and plea hearing, pursuant to which the defendant waived a number of constitutional rights, are "unconstitutional" and part of "a joint-conspiracy [between the defendant's counsel and the Court] to deprive [the defendant] of his [c]onstitutional [r]ights [sic]." Def.'s Mem. at 9. However, both practices (plea agreements and guilty pleas) are ingrained in American jurisprudence and fundamental to American justice. Moreover, the ability to waive one's own constitutional rights is uncontroversial, e.g. Indiana v. Edwards, 554 U.S. 164, ___, 128 S. Ct. 2379, 2383-84 (2008) (noting that a criminal defendant may waive the right to counsel); Florida v. Nixon, 543 U.S. 175, 187 (2004) (stating that a guilty plea is a waiver of constitutional rights, including the right to trial by jury and protection against self-incrimination), and the use of a grand jury to indict an individual for a major crime is not only allowed under the Constitution, but it is an individual right that our Founding Fathers explicitly provided for in the Bill of Rights, U.S. Const. amend. V. Thus, no counsel could be constitutionally deficient for failing to raise these claims based solely on the occurrence of these events. United States v. Brown, 449 F.3d 154, 159 (D.C. Cir. 2006) ("Failure to raise a meritless claim is not evidence of ineffective assistance."), overruled in part on other grounds by Dean v. United States, __ U.S. __, 129 S. Ct. 1849, 1852-53, 1856 (2009). These claims, therefore, are "palpably incredible" and must be rejected for that reason. Pollard, 959 F.2d at 1031; see also United States v. Geraldo, 523 F. Supp. 2d 14, 21 (D.D.C. 2007) (Kollar-Kotelly, J.) (rejecting as palpably incredible a claim of ineffective assistance of counsel premised on the defendant's inability to understand his

8

counsel's advice due to a language barrier, where the defendant was at all relevant times provided with an interpreter).

As to the defendant's claims that Mr. Moore was constitutionally ineffective for "fail[ing] to challenge the tainted indictment," "fail[ing] to file pre-trial motions," failing to challenge the Court's imposition of consecutive sentences, and "fail[ing] to object to an illegal search warrant[,]" Def.'s Mot at 6, these allegations are vague and conclusory. The defendant does not describe or even hint at how his indictment was tainted, on what grounds Mr. Moore could have challenged the search warrant, what other pre-trial motions his lawyer should have or could have filed (no motion schedule was ever set because the defendant pled guilty), or on what grounds Mr. Moore could have challenged the Court's determination that the defendant's sentences be served consecutively. As to this last point, Mr. Moore did in fact request that the sentences be served concurrently, but the Court denied the request.[3] Hr'g Tr. 16, May 6, 2005. Furthermore, the defendant's plea bargain entailed a waiver of all non-jurisdictional and non-sentencing challenges to the defendant's conviction, Hr'g Tr. 43-44, Dec. 11, 2003, and because the defendant here does not claim that his plea was defective – that is, not entered into voluntarily or intelligently – the Court must deem all of the defendant's non-sentencing claims as waived, see United States v. Williams, 838 F. Supp. 1, 2-3 (D.D.C. 1993) (Gasch, J.) (rejecting a defendant's Section 2255 motion, because "supposed violations . . . occurred prior to her guilty plea and [did] not affect the voluntary nature of that plea. Therefore, those issues [could not] be raised collaterally. . . . [A defendant] 'may only attack the voluntary and intelligent character of the

---

[3] Even if Mr. Moore had not made this request, the Court would not find fault with the failure. There was no basis for challenging the determination that the sentences be served consecutively, as 18 U.S.C. § 924(c)(1)(D)(ii) provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."

guilty plea by showing that the advice [the defendant] received from counsel'" was constitutionally ineffective (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973))).

### 3. The defendant's Rule 11 claim

The defendant next claims that he was "exposed to [a Rule] 11 violation[] when this Court . . . imposed a [s]upervised [r]elease [t]erm . . . beyond the maximum Sentencing Guideline Range," because the Court "did not [inform] the petitioner of the nature and consequences of the [the] [s]upervised [r]elease [t]erm, which makes the [p]lea [b]argain invalid." Def.'s Mot. at 8 (citing United States v. Thorne, 153 F.3d 130, 133-34 (4th Cir. 1998) (permitting a defendant to withdraw his guilty plea because of the district court's failure to inform him "of the nature of supervised release or of the consequences attendant on its violation")). Regardless of whether this claim rests on a different ground than the Rule 11 claim raised and decided on direct appeal, the government is correct that this claim fails on the merits. Gov't's Opp'n at 4 n.3. Federal Rule of Criminal Procedure 11(b)(1)(H) requires that the Court advise a defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Contrary to the defendant's assertions, the Court did in fact inform him of the terms and nature of supervised release; indeed, the Court apprised the defendant that he faced a prison sentence, fine, and "supervised release for up to five years, which means that once you finish your sentence, then you would be under the supervision of the Probation Department for five years." Hr'g Tr. 32-33, Dec. 11, 2003. Thus, the Court rejects this claim as well.

### 4. The defendant's double jeopardy claim

Finally, the defendant argues that the Court relied upon a prior conviction in imposing his sentence, thereby subjecting him to double jeopardy, and that he cannot waive a double jeopardy claim. Def.'s Mot. at 9. Specifically, the defendant asserts that the application of the Career

Offender provision of the Sentencing Guidelines violates the Double Jeopardy Clause of the Fifth Amendment. Def.'s Mem. at 4-5. But similar, if not identical, claims have been rejected by the Supreme Court, see Witte v. United States, 515 U.S. 389, 402-06 (1995) ("Because consideration of relevant conduct in determining a defendant's sentence within the legislatively authorized punishment range does not constitute punishment for that conduct, the instant prosecution does not violate the Double Jeopardy Clause's prohibition against the imposition of multiple punishments for the same offense."), and the District of Columbia Circuit, see United States v. Garrett, 959 F.2d 1005, 1009 (1992) (rejecting a claim that the Career Offender provision violates the Double Jeopardy Clause, as "'[t]he sentence as a . . . habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.'" (quoting Gryger v. Burke, 334 U.S. 728, 732 (1948))). Thus, Mr. Moore was not deficient for failing to raise this meritless claim.[4]

### III. Conclusion

The Court concludes that all of the defendant's asserted grounds for release are without merit. The motion and record conclusively show that the defendant is not entitled to relief, and therefore, no evidentiary hearing is necessary. The defendant's motion for post-conviction relief pursuant to 28 U.S.C. § 2255 is denied.

---

[4] The defendant also mentions the "unprofessional errors" of his counsel in relation to this claim. Def.'s Mot. at 9 ("The petitioner cannot waive his double jeopardy claim[] before this [C]ourt[] due to trial counsel's unprofessional errors."). Again construing this pro se filing liberally, the Court considers whether the defendant is alleging ineffective assistance of counsel in making this Double Jeopardy argument. See Toolasprashad, 286 F.3d at 583. But because of the clear precedent on how the Career Offender Provision of the Sentencing Guidelines has been construed in light of the Double Jeopardy Clause as cited above, see Witte, 515 U.S. at 402-06; Garrett, 959 F.2d at 1009, any failure of counsel to raise this argument would not have constituted a Sixth Amendment violation. Thus, the Court finds that any ineffective assistance of counsel claim that the defendant may have raised on this point is without merit.

SO ORDERED this 1st day of September, 2010.[5]

/s/ Reggie B. Walton
REGGIE B. WALTON
United States District Judge

---

[5] An order will be issued contemporaneously with this memorandum opinion denying the defendant's motion for post-conviction relief pursuant to 28 U.S.C. § 2255.